DMJ:ALB
F#2010R0\_\_\_\_

**M 10-1121**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

VINCENT A. TURRIGIANO,

        Defendant.

- - - - - - - - - - - - - - - - X

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

M. No. _____
(18 U.S.C. § 2250)

EASTERN DISTRICT OF NEW YORK, SS.:

    Roy J. Wright, being duly sworn, deposes and says that he is an Inspector with the United States Marshal Service ("USMS"), duly appointed according to law and acting as such.

    On or about and between August 17, 2010 and September 24, 2010, both dates being approximate and inclusive, in the Eastern District of New York and elsewhere, the defendant VINCENT A. TURRIGIANO, an individual required to register under the Sex Offender Registration and Notification Act ("SORNA"); and who is a sex offender as defined for the purposes of SORNA by reason of a conviction under Federal law; and who traveled in interstate commerce; did knowingly fail to register a registration as required by the Sex Offender Registration and Notification Act.

    (Title 18, United States Code, Section 2250).

    The source of my information and the grounds for my belief are as follows:[1]

---

[1] Because the purpose of this affidavit is merely to establish probable cause to arrest, I have not set forth all of the

2

1. I am an Inspector with the United States Marshal Service ("USMS") for the Eastern District of New York. I am currently assigned to the New York-New Jersey Regional Fugitive Task Force. One of my responsibilities is to investigate crimes involving individuals that are convicted sex offenders who have failed to register as required by 18 United States Code 2250, also known as the Adam Walsh Child Protection and Safety Act of 2006 (the "Walsh Act").

2. I am familiar with the facts and circumstances of the instant case based on first-hand observations during the investigation, my review of documentary evidence obtained during the course of this investigation and discussions with other law enforcement agents.

## STATUTORY AUTHORITY

3. This investigation concerns alleged violations of Title 18, United States Code, Section 2250 - certain activities relating to failing to register under the Sex Offender Registration and Notification Act. In relevant part, 18 U.S.C. § 2250 states:

Whoever--

    (1) is required to register under the Sex Offender Registration and Notification Act;

    (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law . . . ; or

---

facts and circumstances concerning this investigation of which I am aware.

(B) travels in interstate or foreign commerce . . . ; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

4. Section 113 of the Walsh Act defines who is required to register under the Act:

(A) In General - A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence. . . .

5. Section 111 of the Walsh Act defines a "Sex Offender" as:

(1) Sex Offender - The term "sex offender" means an individual who was convicted of a sex offense.

The Act further defines "sex offense" as including:

(5) (A) . . . the term 'sex offense' means - . . . (iii) a Federal offense (including an offense prosecuted under section 1152 or 1153 of title 18, United States Code) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of title 18, United States Code; . . .

6. Additionally, the crimes of coercion and enticement (as described in Section 2422(b) of Title 18, United States Code) are specifically defined under Section 111 of the Walsh Act as a "tier II sex offender."

## STATEMENT OF FACTS

7. I have reviewed an official judgment of conviction issued by the Clerk of the United States District Court for the

4

Middle District of Pennsylvania, which shows that on November 8, 2006, the defendant VINCENT A. TURRIGIANO was convicted of Use of a Computer to Entice a Minor to Engage in Sexual Activity, in violation of Section 2422(b) of Title 18, United States Code. TURRIGIANO was sentenced to 5 years' incarceration and twenty years' supervised release. These special conditions of supervised release included the condition that TURRIGIANO comply with sex offender registration in any state where he resides.

8. I have been provided documentation that prior to his release, the defendant VINCENT A. TURRIGIANO was notified that after his release from custody he was required to register as a sex offender in any state in which he was to reside.

8. On or about August 17, 2010, the defendant VINCENT A. TURRIGIANO was released from the Bureau of Prisons.

9. On or about August 19, 2010, the defendant VINCENT A. TURRIGIANO met with a United States Probation Officer in the Eastern District of New York to commence supervision. At that time, the conditions of supervised release were read to TURRIGIANO and he acknowledged by signature that he was aware of these condition (including the sex offender registration requirement).

10. On or about August 24, 2010, the defendant VINCENT A. TURRIGIANO again met with a United States Probation Officer in the Eastern District of New York, at which time he acknowledged by signature that he was aware that, although federal sex offender registration was not yet implemented in New York, that

5

"any existing duty to register under state law is not suspended and will remain in effect until the state implements [SORNA]."

11. On or about August 30, 2010, the defendant VINCENT A. TURRIGIANO failed to appear as required for sex offender treatment intake.

12. Further investigation by the USMS revealed that on August 24, 2010, the defendant VINCENT A. TURRIGIANO had absconded from supervision without permission of the Probation Department by taking his father's vehicle without permission, arriving in Pikeville, Kentucky in the early morning hours of August 25, 2010 and resided there until his subsequent arrest.

13. On September 3, 2010, an arrest warrant was issued for the defendant VINCENT A. TURRIGIANO for violation of conditions of supervised release by the United States District Court for the Middle District of Pennsylvania. On September 24, 2010, the defendant VINCENT A. TURRIGIANO was arrested in Pikeville, Kentucky, pursuant to this warrant.

14. A check conducted with the State of New York, Board of Examiners of Sex Offenders confirmed that the defendant VINCENT A. TURRIGIANO was required to register in New York state based upon his federal conviction and that he had not done so.

15. A check conducted with sex offender registry in the State of Kentucky confirmed that the defendant VINCENT A. TURRIGIANO was required to register in Kentucky based upon his federal conviction and that as of September 27, 2010, he had not done so.

6

WHEREFORE, Your Affiant respectfully requests that the Court issue an arrest warrant for the defendant VINCENT A. TURRIGIANO so that he may be dealt with according to law.

Because this is an ongoing investigation, Your Affiant respectfully requests that this Affidavit be filed under seal.

*[signature]*
Roy J. Wright
Inspector
United States Marshal Service

Sworn to before me this
27th day of September, 2010

_____
THE HONORABLE ARLENE R. LINDSAY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK